The opinion of the Court was delivered by
Whitner, J.
It has been conceded, as well on circuit, as here, that the employment of the slave, in such an enterprise as that in which he lost his life, by the defendant, would have made him responsible, because in violation of his implied obligation. The care and diligence enjoined, and the negligence condemned by the law of bailments in the use and management of the slave, it is admitted, were correctly laid down on circuit.
The argument submitted to this Court invites a consideration of the question, upon whom lies the'burthen of proof, and whether, from the facts in evidence, a presumption of law does not arise fatal to the defence. Questions of care or negligence may become pure matter of law, but ordinarily they are mixed of law and fact. To prescribe a general rule applicable to all cases, defining what is for the Court and what for the jury, would be found impracticable. There could probably be no better illustration than the present case. It certainly presents such a state of facts, that the Court could not take cognizance and decide on a just view of the attendant circumstances. The leading fact which constituted the turning point of the case, and which was not shewn by direct proof, was to be arrived at. Thence the more perplexing question, on whom was the onus, and whether an omission by a Circuit Judge so to declare to the jury, constitutes such error as demands a re-hearing.
The inherent difficulty of a rule here likewise is apparent,, from the discrepancies in the authorities, many of which may be found cited in Story on Bailments, sec. 410, and elsewhere* in same work touching this point. In this class of cases, the* loss must be without default on the part of the hirer: hence the-loss being established, it would seem the excuse remains- to be? *158 made: but again, every one is supposed to do his duty and fulfil his contract, at least till the contrary appears, — hence he who alleges a violation, to wit, negligence, or want of proper care, must establish it before liability attaches.
Much depends on the different sorts of bailments, the form of action, as well as the posture of the evidence, when the point arises at the trial. Here we have a special action on the case, including a count in trover. On the one branch negligence, and on the other conversion, constitutes the very gist of the action : these averments are essential and he who alleges must prove. Ordinarily the prima facie is of little consequence except in determining whether a party shall be put to answer. But of what avail these subtleties in such a case as this? Here there is no dispute as to property. Here the jury were charged with ascertaining the fact, on which depends defendant’s liability. Their conclusion, in our judgment, was fully warranted by the proof offered. The slave being a moral agent, and having volition, adventured from the impulses of his nature in an effort to protect his master’s interest, during his absence and without his knowledge or consent.
The motion for new trial is refused.'
O’Neall, Frost, Withers and Glover, JJ., concurred.
Wardlaw, J., absent at the hearing.

Motion dismissed.